IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID NEWBIGGING BROWN O'CONNOR, </br></br>     Plaintiff, </br></br> v. </br></br> JEFF LONG, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, </br></br>     Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) JURY DEMANDED </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TO CONSOLIDATE FOR TRIAL ON THE MERITS**

"But man, proud man, Dress'd in a little brief authority, Most ignorant of what he is most assur'd. . . ." (William Shakespeare, Measure for Measure)

The plaintiff in this action, David Newbigging Brown O'Connor ("Mr. O'Connor"), is a citizen of the United States of America. The Tennessee Department of Motor Vehicles, ("the DMV") has refused to renew Mr. O'Connor's driver's license on the arbitrary and incorrect basis that he is not a citizen. In so doing, the State of Tennessee ("the State") has deprived Mr. O'Connor of a privilege of United States and Tennessee citizenship.

Mr. O'Connor was born in 1947 to parents John Hamilton and Pearl Richards O'Connor, both of whom were natural born citizens of the United States. (See Exhibits A and B). Mr. O'Connor's parents were married on March 7, 1942 in Albany, New York. (See Exhibit C). Mr. O'Connor was born on May 25, 1947 in Canada, while his parents were briefly residing there. (See Exhibit D). Mr. O'Connor's birth certificate lists both of his parents as United States

1

citizens. *Id.* The family moved to Moira, New York in July 1947, approximately two months after Mr. O'Connor's birth.

      Mr. O'Connor went on to enlist in the United States Navy. His father John O'Connor, who himself had served in the United States Army and was honorably discharged with the rank of 2nd lieutenant, had to sign a permission for the enlistment of a minor because Mr. O'Connor had not yet reached the age of eighteen. (See Exhibit E). Mr. O'Connor served from 1964 until 1968, when he was honorably discharged. (See Exhibit H). After leaving the Navy, Mr. O'Connor became a professional truck driver and held a driver's license for sixty-one years in Vermont, New Hampshire, New York, and Tennessee. He has paid into Social Security for his entire life (See Exhibit F). There was never any dispute as to Mr. O'Connor's status as a United States citizen and patriot until a local functionary at the DMV in McMinn County, Tennessee refused to renew Mr. O'Connor's driver's license on the arbitrary, incorrect, and absurd basis that he could not prove he was a citizen of the United States. (See Exhibit I).

      8 U.S.C. § 1401 sets forth nonexclusive criteria for United States citizenship. This statute declares that individuals falling into certain categories "shall be nationals and citizens of the United States at birth. . . ." *Id.* Subsection (c) states that "a person born outside of the United States. . . of parents both of whom are citizens of the United States and one of whom has had a residence in the United States. . . prior to the birth of such person. . . ." shall be a United States citizen at birth. *Id.* § 1401(c). A straightforward application of this statute to the facts of this case plainly indicates that Mr. O'Connor is a citizen of the United States. His parents were both natural born United States citizens who resided in the United States before briefly moving to Canada. Mr. O'Connor was born in Canada, and the family subsequently moved back to the United States approximately two months later. Mr. O'Connor, like his father before him, went on

2

Case 3:24-cv-00855    Document 3    Filed 07/15/24    Page 2 of 4 PageID #: 22

to serve his country with pride, honor, and patriotism. There is simply no universe in which Mr. O'Connor is not a citizen of the United States or in which the DMV's refusal to renew his driver's license did not deprive him of a privilege of citizenship.

In deciding whether to grant a preliminary injunction, courts weigh the following four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm absent preliminary relief; (3) whether the injunction would cause substantial harm to others; and (4) whether an injunction would serve the public interest. *Daunt v. Benson*, 956 F.3d 396, 406 (6th Cir. 2020) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)).

Here, all four factors weigh in favor of granting preliminary relief to Mr. O'Connor. As previously stated, the plain language of 8 U.S.C. § 1401(c) clearly indicates that Mr. O'Connor is a United States citizen and would be successful on the merits. Absent preliminary relief, Mr. O'Connor would be irreparably harmed due to the inability to obtain a valid Tennessee driver's license or REAL ID card. There is no reason to believe that granting Mr. O'Connor preliminary relief would cause substantial harm to others. Finally, granting Mr. O'Connor preliminary relief would serve the public interest in several ways, including, but not limited to, allowing a United States citizen and veteran to obtain a driver's license in the face of a blatantly unlawful attempt to deprive him of this privilege.

For the foregoing reasons, Mr. O'Connor respectfully requests that this Court issue a preliminary injunction requiring the State to issue him a Tennessee driver's license and a REAL ID card and to consolidate the hearing on this matter for a trial on the merits.

Respectfully submitted,

THE BLACKBURN FIRM, PLLC


*/s/* Gary Blackburn
W. Gary Blackburn (BPR #3484)
The Blackburn Firm, PLLC
315 Deaderick Street, Suite 1700
Nashville, TN 37238
P: (615) 254-7770
F: (866) 895-7272
gary@theblackburnfirm.com

*Attorney for Plaintiff*